IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| APRIL D. CHANDLER, | ] |
| Plaintiff, | ] |
| v. | ] CIVIL ACTION |
| VOLUNTEERS OF AMERICA, NORTH ALABAMA, INC. | ] |
| | ] (JURY TRIAL DEMAND) |
| Defendant. | ] |

## COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation and to provide appropriate relief to April D. Chandler ("Chandler") who was adversely affected by such practices. The defendant employer, namely, Volunteers Of America, North Alabama, Inc. ("VOA"), doing business in Florence, Lauderdale County, Alabama, discriminated against Chandler on the basis of her race (Black) and retaliated against her for her engaging in activity protected by Title VII by subjecting her to harassment, unfair discipline, suspension, and other different terms and conditions of employment as set forth in this complaint.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991 and 42 U.S. C. § 1981.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama Northwestern Division.

## PARTIES

3. At all relevant times, Chandler has continuously been a resident of Florence, Lauderdale County, Alabama and was employed by VOA. Chandler is over the age of nineteen.

4. At all relevant times, VOA has continuously been doing business in the State of Alabama, the City of Florence, Lauderdale County, Alabama, and Lauderdale County, Alabama, and has continuously had at least 15 employees.

5. At all relevant times, VOA has continuously been an employer in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S. C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. On May 5, 2009, within 180 days of learning of the acts of

discrimination of which Chandler complains, she filed a Charge Of Discrimination, Charge Number 420-2009-02073, with the Equal Employment Opportunity Commission ("EEOC"). A copy of the said Charge Of Discrimination is attached hereto as Exhibit "A".

7. On August 3, 2010, the EEOC issued a Notice Of Suit Rights in regard to the aforementioned Charge Of Discrimination, entitling Chandler to institute civil action in federal court. A copy of the Notice Of Suit Rights is attached hereto as Exhibit "B". Chandler received the said Notice Of Suit Rights on August 5, 2010.

8. All prerequisites for bringing this action have been met.

## STATEMENT OF CLAIMS

9. On or about April 23, 2009 VOA wrongfully placed Chandler on unpaid administrative leave in violation of the laws set forth above including, but not limited to, Section 703(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a) and 42 U.S.C. § 1981 including, but not limited to, § 1981(a). In particular, VOA engaged in unlawful employment practices at its facilities in Florence, Lauderdale County, Alabama and Lauderdale County, Alabama through the actions of its supervisors, employees, agents, and representatives.

10. In July 2009, Chandler's immediate supervisor, Bonnie Davis, told white employees working under Chandler's supervision that because Chandler filed her

complaint of racial discrimination against VOA with the EEOC, Chandler could not be trusted, they no longer worked under Chandler's supervision, they did not have to do what Chandler told them to do, to come to her (Bonnie Davis) with any questions or problems they had, and to not listen to anything Chandler told them -- all in violation of the laws set forth above including, but not limited to, Section 703(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a) and 42 U.S. C. § 1981 including, but not limited to, § 1981(a).

11. Supervisors and employees of VOA subjected Chandler to unlawful harassment, unfair job assignments, unfair discipline, unpaid administrative leave, and other different terms and conditions, refusals to acknowledge Chandler, refusing to address the racially hostile working environment to which Chandler was subjected, unfairly disciplining her, taking her position away from her and giving it to a white employee, and giving her unfair employment options. VOA's actions were based on Chandler's race (Black) and in retaliation for her engaging in activity protected by Title VII.

12. The effect of the practices complained of above has been to deprive Chandler of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (Black) and in retaliation for her engaging in activity protected by Title VII.

13. The unlawful employment practices complained of above were

intentional.

14. The unlawful employment practices complained of above were done with malice or with reckless indifference to Chandler's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, Chandler respectfully requests that this Court:

A. Grant a permanent injunction enjoining VOA, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in harassment, retaliation, and any other employment practices which discriminate on the basis of race.

B. Order VOA to institute and carry out effective policies, practices, and programs which provide equal employment opportunities for employees of all races and national origin and which eradicate the effects of its past and present unlawful employment practices and to meaningfully and effectively enforce those policies and programs.

C. Order VOA to institute and carry out an effective complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

D. Order VOA to institute and carry out an effective training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with

policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

E. Order VOA to make whole Chandler by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F. Order VOA to make whole Chandler by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

G. Order VOA to make whole Chandler by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial by a jury.

H. Order VOA to pay Chandler punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial by a jury.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award Chandler her attorney fees and costs of this action.

## JURY TRIAL DEMAND

Chandler requests a jury trial on all questions of fact raised by her in this her Complaint which are due to be tried by a jury.

_____
Michael L. Weathers (WEA006)
Attorney for Plaintiff April D. Chandler
114 W. Dr. Hicks Blvd.
Suite 1200 B
Florence, Alabama 35630-6164
(256) 764-1318 Telephone
(256) 764-1319 Facsimile
E-mail Address: michael.l.weathers@comcast.net