FILED
2011 Sep-22  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | |
|---|---|
| **APRIL D. CHANDLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Civil Action No. 10-S-2961-NW** |
| | ) |
| **VOLUNTEERS OF AMERICA,** | ) |
| **NORTH ALABAMA, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on several motions.  Plaintiff, April D. Chandler, filed the following motions:[1]  (1) motion to reconsider;[2] (2) motion to strike;[3] and (3) motion for extension of time.[4]  Additionally, defendant filed a motion to seal.[5]

**I.  MOTION TO STRIKE**

Plaintiff argues in her motion to strike  that "[i]t is difficult, if not impossible, for [plaintiff] to respond to [the] Statement of Undisputed Facts" in defendant's summary judgment brief because three of the citations contained in that brief are not

---

[1] Due to the cumbersome titles used by the parties, the court has abbreviated the names of the motions.

[2] Doc. no. 41.

[3] Doc. no. 44.

[4] Doc. no. 45.

[5] Doc. no. 42.

correct.[6]  Plaintiff identifies three paragraphs in the brief — numbers 17, 23, and 24 — that cite to three paragraphs of the affidavit of Kimberly O'Neal:  *i.e.*, those numbered 20, 24, and 25, respectively.[7]  Plaintiff correctly states that defendant's "numbered statements do not correspond to the exhibits [defendant] attempts to use to support the statements" in its brief.[8]  Defendant admits as much, stating in its response "that the citations to the affidavit . . . were incorrectly numbered by one paragraph."[9]  Defendant has asked the court's leave to file an amended brief to correct these errors.[10]

The amended brief that defendant has requested permission to file clearly demonstrates that plaintiff's motion to strike is entirely without merit and must be denied.  Plaintiff's assertion that "[i]t is difficult, if not impossible," to respond to the Statement of Undisputed Facts withers when the offending paragraphs are brought to light.  In paragraphs 17, 23, and 24 of its brief, defendant incorrectly cited paragraphs 20, 24, and 25 of the O'Neal affidavit, rather than correctly citing paragraphs 21, 25, and 26 of that affidavit.[11]  It is surely within the competence of

---

[6] Doc. no. 44 ¶¶ 1-2.

[7] *Id.* ¶ 2.  The affidavit is doc. no. 39-9.

[8] *Id.*

[9] Doc. no. 46 ¶ 1.

[10] *Id.*

[11] Doc. no. 46 ¶ 1, ex. 1 ¶¶ 17, 23, 24.

plaintiff's counsel to review the surrounding paragraphs of the affidavit when a citation is incorrect.  Such a course of action would surely be less time-consuming for both parties, and for this court, than filing a motion.  Especially damning is the fact that one of the affidavit paragraphs, number 25, while the incorrect source for the brief paragraph in which it was cited, number 24, was the correct source for another of the troublesome stanzas, number 23.  In determining that brief paragraph 24 cited the wrong affidavit paragraph, plaintiff's counsel would have necessarily read the correct source for brief paragraph 23.  It is "difficult, if not impossible" for this court to believe that plaintiff's counsel was unable to find the sources of defendant's factual assertions.

Far from being "difficult, if not impossible," the task of plaintiff's counsel in reviewing the Statement of Undisputed Facts was extremely simple and straightforward.  It strains credulity to suggest that defendant's error was in any way prejudicial to plaintiff.  Therefore, plaintiff's motion to strike is due to be denied.  However, in order to avoid any further confusion, the court will grant defendant leave to file an amended version of its summary judgment brief.[12]  The Clerk is directed to detach document number 46-1 from the pleading to which it is appended (doc. no. 46) and to separately docket it in the case file.

---

[12] *See* doc. no. 46 ¶ 2.  The amended brief is doc. no. 46-1.

## II.  MOTION TO RECONSIDER

Plaintiff also moves this court to reconsider its earlier ruling granting defendant's motion for leave to place portions of its evidentiary submissions under seal.[13]  Plaintiff correctly notes that defendant disobeyed the court's Uniform Initial Order[14] in filing the motion without first consulting with plaintiff's counsel to determine whether plaintiff opposed the motion.[15]  Plaintiff argues that defendant's filing of three depositions and one affidavit under seal was unjustified, as defendant has not shown good cause to seal the evidence.[16]  Plaintiff further argues that sealing the documents in this case would harm the public's First Amendment interest in access to court records.[17]  Defendant relies on the Agreed Protective Order,[18] which states that all confidential information, as defined therein, "*shall* be filed under seal."[19]

As defendant notes in its response to plaintiff's motion to reconsider,[20] the

---

[13] *See* Text Order, Sept. 2, 2011, granting motion in doc. no. 36.

[14] *See* doc. no. 8, at 8.

[15] Doc. no. 41 ¶ 1.

[16] *See generally id.*  The disputed documents are exhibits 5, 6, 7, and 15 to doc. no. 39.  They are the depositions of plaintiff, Lois Nicole Jones, and Markia Nelson, and the affidavit of Jessie Watkins.

[17] *Id.* at 6-7.

[18] Doc. no. 11.

[19] *Id.* ¶ 5 (emphasis supplied).

[20] Doc. no. 43 ¶¶ 2-3.

language of the Agreed Protective Order is mandatory.  Defendant was required to file under seal any "papers containing . . . information for which there is a good faith basis to believe the information contains nonpublic, confidential, personal information."[21]  Although plaintiff now disputes that there is good cause for the evidence to be filed under seal, rather than simply filed with redactions, the language of the Agreed Protective Order clearly calls for entire documents ("papers") to be filed under seal, if they contain any confidential information as defined therein. Plaintiff's argument that the order did not call for the filing under seal of "800+ pages of evidentiary material"[22] is unavailing.  Likewise, plaintiff's argument that defendant violated the Uniform Initial Order is unconvincing:  by the terms of the Agreed Protective Order, plaintiff consented to defendant initially filing evidence under seal. Thus, plaintiff's motion to reconsider this court's ruling is primarily a motion to unseal, and the court will focus on that aspect of it.

## A.    Applicable Law

Rule 26(c) requires "good cause" to seal documents containing confidential information.  Fed. R. Civ. P. 26(c).  Thus, the first question is whether the documents to be sealed contain confidential information.  *Chicago Tribune Co. v.*

---

[21] Doc. no. 11 ¶¶ 3, 5.
[22] Doc. no. 41, at 5.

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (*per curiam*).  The

party seeking to have the information sealed must make an affirmative showing that

it is confidential:  conclusory assertions of confidentiality do not suffice.  *See, e.g.,*

*Consejo de Defensa del Estado de la Republica de Chile v. Espirito Santo Bank*, No.

09-20613-CIV, 2010 U.S. Dist. Lexis 81979, at *4-5 (S.D. Fla. July 7, 2010); *World*

*Wide Network, Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 U.S. Dist. Lexis

25731, at *2-3 (S.D. Fla. Apr. 6, 2007); *Estate of Manship v. United States*, 240

F.R.D. 700, 702 (N.D. Ga. 2006); *Dunford v. Rolly Marine Service Co.*, 233 F.R.D.

635, 636 (S.D. Fla. 2005).  The burden is on the party, not the court, to demonstrate

confidentiality.  *Estate of Manship*, 240 F.R.D. at 702 ("Even if the [court's *in*

*camera*] review had revealed information arguably entitled to trade secret protection,

it is not the court's obligation to guess as to what it might be.").

The federal courts have developed a balancing test for determining whether

good cause exists:  the "standard requires the district court to balance the party's

interest in obtaining access against the other party's interest in keeping the

information confidential."  *Chicago Tribune Co.*, 263 F.3d at 1313.  A stipulated

protective order "postpones the necessary showing of 'good cause' . . . until the

confidential designation is challenged."  *Id.* at 1307.

**B.     Analysis**

6

Here, plaintiff challenges the confidential designation and, thus, the court must apply the good cause standard to the purportedly confidential information. The primary issue in this case is whether the information is indeed confidential. If it is confidential, the good cause balancing test clearly favors defendant. Plaintiff herself has full access to the evidence, so the interest competing with confidentiality is that of the public. Plaintiff argues that the public interest in access to the evidence is great "because the case involves allegations of racial discrimination."[23] Plaintiff notes that "showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records."[24] But that argument misconstrues the countervailing interest entirely. Here, the public's interest in access to court records is to be weighed against the purported interest of defendant's patients in keeping their private medical information private, *not* the defendant's interest in its reputation. The interest of the non-party patients outweighs the public's generalized right to access court records.

On the other hand, defendant has not demonstrated with any specificity that the documents at issue actually contain confidential information. Defendant asserts that

---

[23] Doc. no. 41, at 9.

[24] *Id.* at 7-8 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

the documents contain "private medical information,"[25] but has not directed the court

to any such information within the sealed evidence.  The court does not doubt that

defendant had a good faith basis to treat the evidence as confidential and initially file

it under seal, pursuant to the protective order.[26]  However, conclusory statements of

confidentiality are insufficient to satisfy the good cause requirement once

confidentiality is challenged.  *See, e.g., Consejo de Defensa del Estado de la*

*Republica de Chile*, 2010 U.S. Dist. Lexis 81979, at \*4-5; *World Wide Network, Ltd.*,

2007 U.S. Dist. Lexis 25731, at \*2-3; *Estate of Manship*, 240 F.R.D. at 702; *Dunford*,

233 F.R.D. at 636.  Having failed to meet its initial burden of demonstrating

confidentiality, defendant cannot succeed in showing good cause to seal the

documents and, therefore, is ordered to refile the documents unsealed.[27]

Defendant argues that plaintiff's interest in having the evidence unsealed is not

to make the documents available to the public, but rather to allow her attorney to use

them in other litigation.[28]  Defendant has directed the court's attention to plaintiff's

---

[25] Doc. no. 43 ¶ 4.

[26] The Agreed Protective Order defines as confidential information "any information for which there is a *good faith basis to believe* that the information contains nonpublic, confidential, personal information . . . ." Doc. no. 8 ¶ 3.

[27] Defendant's failure to satisfy its burden to *show* that the materials were confidential, and thus constitute good cause to seal them, does not mean that nothing in the documents actually *is* confidential.  Of course, defendant may redact any such information in its unsealed filing.

[28] Doc. no. 43 ¶ 11.

improper use of documents, sealed under protective orders in other cases, in deposing witnesses for this case.[29]   Under similar circumstances, the Southern District of Florida, in denying a motion to seal, ordered the prevailing party not to use the evidence at issue for any purpose other than for the litigation at hand.  *Consejo de Defensa del Estado de la Republica de Chile*, 2010 U.S. Dist. Lexis 81979, at *4-7. This court considers such a solution to be proper in this case.  Plaintiff's concern that the public have access to the record will be satisfied, as is defendant's concern that plaintiff's sole basis for unsealing the documents is to make use of them in other litigation.  Accordingly, plaintiff's motion to reconsider is granted, but plaintiff's attorney will not be allowed use the evidence previously filed under seal in any other litigation.

## III.  OTHER MOTIONS

Defendant agrees that plaintiff should have more time to respond to the motion for summary judgment.[30]   Thus, her Motion for Extension of Time is due to be granted, and all deadlines shall be extended by seven days.  Defendant's motion to seal[31] is unopposed and is, therefore, due to be granted.  Finally, defendant asks leave of the court to file amended versions of three exhibits, 39-1, 39-9, and 39-11, as it

---

[29] Doc. nos. 43-3, 43-4, 43-5.

[30] Doc. no. 46 ¶ 1.

[31] Doc. no. 42 ¶ 1.

failed to redact personal identifying information from them when first filed.[32]  The

court will grant leave to file the amended exhibits, and to seal the previously filed

versions.

## IV.  ORDERS

In conclusion, the court's rulings on the motions are as follows.  Plaintiff's

motion to reconsider is GRANTED.  Defendant is ORDERED to refile, unsealed, the

depositions of plaintiff, Nicole Jones, and Markia Nelson, and the affidavit of Jessie

Watkins, with such redactions as are necessary, by September 28, 2011.  Plaintiff's

counsel is further ORDERED to not make use of those documents in any other

litigation.  The unredacted versions, doc. nos. 39-5, 39-6, 39-7, and 39-15, are to

remain sealed.  Defendant's motion to seal is GRANTED.  The Clerk of Court is

directed to place doc. no. 40-2 (labeled "Exhibit 17") under seal.  Plaintiff's motion

to strike is DENIED.  Plaintiff's motion for extension of time is GRANTED.  All

deadlines previously ordered in this case are extended by seven days.  The leave

requested in doc. no. 46, to place doc. nos. 39-1, 39-9, and 39-11 under seal, is

GRANTED.  The Clerk is directed to place doc. nos. 39-1, 39-9, and 39-11 under

seal.

DONE this 22nd day of September, 2011.

---

[32] Doc. no. 46 ¶ 2.

_____

United States District Judge